IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FORTRESS IRON L.P., ) | Case No. 3:21-cv-00014 |
|           PLAINTIFF, ) | |
| v. ) | |
| DIGGER SPECIALTIES, INC., ) | |
|           DEFENDANT. ) | |

## THIRD AMENDED COMPLAINT

Plaintiff, Fortress Iron L.P. ("Fortress" or "Plaintiff"), hereby files this Third Amended Complaint against Defendant, Digger Specialties, Inc. ("Digger" or "Defendant"), and alleges as follows:

### Jurisdiction

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### Parties

2. Plaintiff Fortress Iron L.P. is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 1720 North First Street, Garland, Texas 75040.

3. Defendant Digger Specialties, Inc. is a corporation organized and existing under the laws of the State of Indiana, with a regular and established place of business at 3446 US 6 East, Bremen, IN, 46506.

### Venue

4. This Court has personal jurisdiction over Defendant because Defendant has a

regular and established place of business in this District located at 3446 US 6 East, Bremen, IN, 46506. Further, Defendant has availed itself of the privileges, rights and benefits of the laws of the State of Indiana and this District, and has committed acts within this District giving rise to these claims, including by one or more of manufacturing, importing, selling, or offering to sell multiple versions of its Westbury Verticable aluminum railing that infringe the asserted patents.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant resides in this District and/or has a regular and established place of business in this District and has committed and is committing acts of infringement in this District.

## **Background**

6. Fortress has over 15 years of experience in designing and manufacturing unique and innovative, high-quality building products including a variety of types of metal railing products used in outdoor construction. One of Fortress's break-through building solutions is the FortressCable V-Series steel cable railing.

7. Understanding the value of its innovation, Fortress sought and obtained patent protection for the FortressCable V-Series steel cable railing. Thus, Fortress is the owner by assignment of U.S. Patent No. 10,883,290 (the "'290 Patent"), which was duly and legally issued by the United States Patent & Trademark Office on January 5, 2021. The '290 Patent claims priority to U.S. Patent No. 9,790,707, (the "'707 Patent"), which was duly and legally issued on October 17, 2017, and also protects the FortressCable V-Series steel cable railing.

8. Defendant Digger is a direct competitor of Fortress who also produces building products used in outdoor construction. One of Digger's railing products is its Westbury Verticable aluminum railing. Digger introduced its original Westbury Verticable aluminum railing on or about March 31, 2015.

9. On or about January 2, 2018, Fortress accused the original version of Westbury Verticable aluminum railing of infringing the '707 Patent.

10. Digger discontinued the original Westbury Verticable aluminum railing on or

4886-9285-5116.1

about June 15, 2018.  Subsequently, Digger introduced a revised design of its Westbury Verticable aluminum railing.

11. Digger has been engaging in one or more of manufacturing, importing, selling, or offering to sell the revised design of its Verticable aluminum railing since at least 2018 and continues to offer to sell and sell that product today.

### Count One – Infringement of U.S. Patent No. 10,883,290

12. Fortress realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Fortress is the owner by assignment of the '290 Patent, which was duly and legally issued by the U.S. Patent and Trademark Office on January 5, 2021. The '290 Patent is valid and enforceable.

14. The '290 Patent is a continuation of U.S. Patent No. 9,790,707, filed on April 13, 2015, which claims priority to U.S. Provisional Application for Patent No. 61/979,055 filed on April 14, 2014.

15. Digger infringes and continues to infringe the '290 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States the revised design of its Westbury Verticable aluminum railing ("Revised Accused Product") that embodies one or more of the inventions claimed in the '290 Patent.

16. Digger directly infringes and continues to infringe at least Claim 1 of the '290 Patent.  A claim chart comparing the Revised Accused Product to Claim 1 of the '290 Patent is attached as Exhibit A.

17. The Revised Accused Product is a barrier.

18. The Revised Accused Product includes a top rail that includes a top web portion and a pair of top leg portions extending from the top web portion.

19. The top web portion of the Revised Accused Product defines a plurality of top through holes spaced apart along the top web potion.

20. The Revised Accused Product includes a bottom rail that includes a bottom web

portion and a pair of bottom leg portions.

21. The bottom web portion of the Revised Accused Product defines a plurality of bottom through holes that are spaced apart along the bottom web portion and aligned with the top through holes.

22. The Revised Accused Product includes a rigid support member that extends vertically between the top rail and the bottom rail.

23. The Revised Accused Product includes a first vertical cable that is disposed adjacent to the rigid support member.

24. A top end of the first vertical cable of the Revised Accused Product is received in and directly attached to a hollow tubular shank of a first top swage fitting, and a bottom end of the first vertical cable is received in and directly attached to a hollow tubular shank of a first bottom swage fitting.

25. The top end of the first vertical cable of the Revised Accused Product extends through one of the plurality of top through holes, and the bottom end of the first vertical cable extends through one of the bottom through holes that is disposed in vertical alignment with the one top through hole.

26. The Revised Accused Product includes a second vertical cable that is disposed adjacent the rigid support member.

27. A top end of the second vertical cable of the Revised Accused Product is received in and directly attached to a hollow tubular shank of a second top swage fitting, and a bottom end of the second vertical cable is received in and directly attached to a hollow tubular shank of a second bottom swage fitting.

28. The top end of the second vertical cable of the Revised Accused Product extends through another of the plurality of top through holes, and the bottom end of the second vertical cable extends through another of the bottom through holes disposed in vertical alignment with the another top through hole.

29. The first and second bottom swage fittings of the Revised Accused Product are

each coupled to a respective adjustable end member, and each one of the pair of bottom leg portions extends beyond and conceals the adjustable end members there between.

30. Adjusting the adjustable end member of the Revised Accused Product adjusts a tension in the respective first and second vertical cables.

31. Accordingly, Digger infringes and continues to infringe at least Claim 1 of the '290 Patent under 35 U.S.C. § 271(a).

32. By directly infringing, Digger has injured Fortress and is liable for monetary damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate Fortress for Digger's infringement, including without limitation, any profits lost by Fortress as a result.

33. At least since Digger has been provided the original Complaint in this action, Digger has known about the '290 Patent and that Digger's continued actions constitute infringement of the '290 Patent. Digger is, therefore, also liable for willful infringement of the '290 Patent. Fortress seeks treble damages for such willful infringement by Digger.

34. Unless restrained by the Court, Digger's actions will cause ongoing harm to Fortress for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

## Count Two – Infringement of U.S. Patent No. 9,790,707

35. Fortress realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. Fortress is the owner by assignment of the '707 Patent, which was duly and legally issued by the U.S. Patent and Trademark Office on October 17, 2017. The '707 Patent is valid and enforceable.

37. The '707 Patent claims priority to U.S. Provisional Application for Patent No. 61/979,055 filed on April 14, 2014.

38. Digger infringes the '707 Patent by one or more of manufacturing, importing, offering for sale, or selling in the United States the original design of its Westbury Verticable

aluminum railing ("Original Accused Product") that embodies one or more of the inventions claimed in the '707 Patent.

39. Digger directly infringes and continues to infringe at least Claim 1 of the '707 Patent. A claim chart comparing the Original Accused Product to Claim 1 of the '707 Patent is attached as Exhibit B.

40. The Original Accused Product is an apparatus.

41. The Original Accused Product includes a first rail member with a plurality of first openings spaced apart along a length of the first rail member.

42. The Original Accused Product includes a second rail member.

43. The second rail member of the Original Accused Product includes an outer U-shaped channel that is defined by an outer web member and an opposed pair of outer leg members, where the outer web member defines a plurality of outer openings spaced apart along a length of the outer web member.

44. The second rail member of the Original Accused Product includes an inner U-shaped channel that is defined by an inner web member and an opposed pair of inner leg members.

45. The inner U-shaped channel of the Original Accused Product is mounted within the outer U-shaped channel with open ends of the inner and outer U-shaped channels facing each other, with the inner web member having inner openings spaced apart along a length of the inner web member, each inner opening is aligned with a corresponding outer opening formed in the outer web member.

46. The Original Accused Product includes at least one vertical support member mounted to and extending between the first rail member and second rail member.

47. The Original Accused Product includes a plurality of vertical cables mounted to and extending between the first rail member and second rail member, where a first end of each vertical cable is secured within one of the first openings and a second end of each vertical cable is secured within opposite aligned dinner and outer openings of the second rail member.

48. Accordingly, Digger infringes and continues to infringe at least Claim 1 of the '707 Patent under 35 U.S.C. § 271(a).

49. By directly infringing, Digger has injured Fortress and is liable for monetary damages, interest, and costs pursuant to 35 U.S.C. § 284 in an amount adequate to compensate Fortress for Digger's infringement, including without limitation, any profits lost by Fortress as a result.

50. At least since January 2, 2018, Digger has known about the '707 Patent and that Digger's continued actions constitute infringement of the '707 Patent. Digger, therefore, is also liable for willful infringement of the '707 Patent. Fortress seeks treble damages for Digger's willful infringement.

51. Unless restrained by the Court, Digger's actions will cause ongoing harm to Fortress for which it has no adequate remedy at law and for which it seeks injunctive relief under 35 U.S.C. § 283.

## Jury Demand

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fortress demands a trial by jury on all issues so triable.

## Relief Requested

53. Fortress respectfully requests that judgment be entered in its favor and against Digger as follows:

    **A.** A judgment that Digger has infringed, either literally or under the doctrine of equivalents, either one or both of the '290 Patent and the '707 Patent;

    **B.** A judgment and order that Digger pay Fortress its damages, costs, expenses, pre-judgment and post-judgment interest for its infringement of either one or both of the '290 Patent and the '707 Patent;

    **C.** A judgment and order finding that Digger's infringement of either one or both of the '290 Patent and the '707 Patents has been willful and awarding Fortress treble damages;

D.  A judgment and order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Fortress its reasonable attorneys' fees;

E.  An order enjoining Digger, its officers, agents, employees, contractors, affiliates, successors and assigns, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Digger from:

1.  Infringing either one or both of the '290 Patent and the '707 Patent, including but not limited to, by making, using, offering to sell, selling, or importing the Westbury Verticable railing in or into the United States;

F.  An order that Digger destroy any Infringing Products and any other products that infringe one or both of the '290 Patent and the '707 Patent that it has in inventory and cancel all outstanding orders for any such products;

G.  To the extent that the Court finds that the listing of inventors on either one or both of the '290 Patent and the '707 Patent is incorrect, Fortress requests that the Court order the correction of the listing of inventors under 35 U.S.C. § 256; and

H.  Any and all other relief that the Court deems appropriate.

4886-9285-5116.1

| | |
|---|---|
| Dated: January 27, 2023 | **FOLEY & LARDNER LLP** |
| | |
| | s/*John J. May* |
| | JONATHAN W. GARLOUGH (IN Bar No. 3032945) |
| | **Foley & Lardner LLP** |
| | 321 N. Clark Street, Suite 3000 |
| | Chicago, IL  60654-4762 |
| | Tel:  (312) 832-4500 |
| | Fax:  (312) 832-4700 |
| | Email:  jgarlough@foley.com |
| | |
| | PAUL V. STORM *(Pro Hac Vice* to be filed) |
| | JOHN J. MAY (admitted *Pro Hac Vice*) |
| | CHANCE L. MOSER (admitted *Pro Hac Vice*) |
| | **Foley & Lardner LLP** |
| | |
| | *Attorneys for Plaintiff Fortress Iron L.P.* |

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on January 27, 2023, a true and complete copy of the foregoing was served upon all counsel of record through the Court's electronic filing system.

>                                  */s/John J. May*
>                                  John J. May

9